IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**UNITED STATES OF AMERICA**          :
                                      :
   v.                   : Criminal Action No. 7:07-cr-15 (HL)
                                      :
**GEORGE L. McKINNON,**               :
                                      :
   Defendant.           :
_____

## ORDER

This matter is before the Court for determination of whether the cost of attorneys' fees incurred by the victim, United Agricultural Products ("UAP"), should be included in the order of restitution entered against Defendant George L. McKinnon. McKinnon was sentenced on October 16, 2008, at which time a restitution amount of $5,038,512.00 was imposed. However, the Court reserved ruling on the issue of whether attorneys' fees billed to UAP in a related civil action should be included in the final restitution amount. Judgment was entered in this case on October 22, 2008. Section 3664 of Title 18 allows the district courts 90 days after sentencing in which to enter a final determination of the victim's losses, where the victim's losses are not ascertainable prior to the sentencing. 18 U.S.C.A. § 3664(d)(5) (West 2000). The parties have briefed the issue.

McKinnon entered a guilty plea to a superseding information in which he was charged with conspiracy to commit wire fraud and money laundering, and making false

claims to a Department of the United States. As alleged in the superseding information, a co-conspirator, Nolan Ross, used his position as a manager at UAP to obtain UAP inventory and promotional products and then diverted them to third parties. McKinnon then received payment for the products from third parties and would share the proceeds with Ross and others.

The Court is required to order restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA"), codified at 18 U.S.C.A. § 3663A. The MVRA applies in all sentencing proceedings for plea agreements relating to any offense that is an offense against property under Title 18 of the United States Code, including any offense committed by fraud or deceit, in which an identifiable victim has suffered a pecuniary loss. 18 U.S.C.A. § 3663A(c)(1)(A)(ii) & B (West 2000 & West Supp. 2008). Wire fraud is an offense against property as contemplated by § 3663A(c)(1). United States v. Dickerson, 370 F.3d 1330, 1336 n.12 (11th Cir. 2004). Convictions for conspiring to commit offenses committed by fraud or deceit are also subject to the restitution provisions of the MVRA. *See, e.g.*, United States v. Hasson, 333 F.3d 1264 (11th Cir. 2003) (upholding restitution award where defendant committed the offenses of, among others, conspiracy to commit wire fraud and launder money).

UAP's direct losses from the sale of its inventory by Ross and McKinnon have already been made the subject of a restitution award. The Government seeks in addition, however, to have a restitution award entered as to attorneys' fees costs that UAP accrued as a result of Ross and McKinnon's conduct. When UAP learned of the

scheme employed by Ross and McKinnon and others, it initiated civil proceedings against them. As a result of the civil litigation that it initiated, UAP incurred $1,509,000 in attorneys' fees. It is this $1,509,000 that the Government has made the subject of a motion for restitution.

As the government notes, some courts have included the costs of attorneys' fees incurred by a victim in setting a restitution amount. For example, the United States Court of Appeals for the Eighth Circuit held that "there is no blanket prohibition in the [Victim and Witness Protection Act] against inclusion of attorneys' fees in the calculation of a restitution amount for offenses that do not result in damage to or loss or destruction of property." United States v. Akbani, 151 F.3d 774, 780 (8th Cir. 1998). In Akbani, the court upheld a district court's award of attorneys' fees under the Victim and Witness Protection Act, a predecessor to the MVRA. It appears that the attorneys' fees were incurred by the bank when it pursued a collection action on collateral used as security on accounts that went unpaid as a result of a bank fraud. Id. at 776.

Other courts, however, have refused to construe the restitution provisions as allowing an award of attorneys' fees, except under very limited circumstances. The Third Circuit, for example, stated:

> The plain language of the VWPA, as well as the reasoning adopted by other courts of appeal, leads us to conclude that absent specific statutory authority for an award of attorneys' fees, the amount of restitution ordered under the VWPA may not include compensation for legal expenses unless such costs are sustained as a direct result of the conduct underlying the offense of conviction.

3

Gov't of Virgin Islands v. Davis, 43 F.3d 41, 46 (3d Cir. 1994). In Davis, the appellate court reversed an award of attorneys' fees by the district court, stating that "expenses generated in order to recover (or protect) property are not part of the value of the property lost (or in jeopardy), and are, therefore, too far removed from the underlying criminal conduct to form the basis of a restitution order." Id.

Although there is disagreement among the courts as to when attorneys' fees should be awarded, many courts have construed the MVRA as limiting restitution awards to those losses directly resulting from a defendant's offense, and precluding awards for consequential damages. *See, e.g.*, United States v. Seward, 272 F.3d 831, 839 (7th Cir. 2001) (holding that "[a]ttorneys' fees incurred in fighting a fraudulent scheme are properly classified as consequential, not direct, damages). Thus, the proper question is not whether attorneys' fees can be the subject of an award, but whether the attorneys' fees incurred were a loss directly resulting from the offense, or a consequential loss.[1]

Here, the attorneys' fees expenses came about as a result of McKinnon's

---

[1] Some courts have framed the issue in terms of foreseeability. For example, the First Circuit, in an unpublished opinion, noted that "[f]requently attorney's fees will not be recoverable," but added that determination as to recoverability "entails a fact-intensive inquiry that is best conceptualized in terms of foreseeability." United States v. Corey, Case No. 02-1062, 2003 WL 22295489, *3 (1st Cir. Oct. 7, 2003). In Corey, the court found that attorneys' fees were subject to restitution in a bank fraud case because legal expenses "are necessarily incurred when a heavily regulated secured lender mitigates its losses by foreclosing on collateral." Id. at *4. The court added, however, "The fees at issue here are thus entirely different in kind from those incurred where a crime victim initiates a civil lawsuit on the basis of the underlying offense." Id.

conduct. However, the attorneys' fees, were not direct losses. Instead, they were consequential damages incurred as the result of the decision by UAP to pursue a civil action against Ross and McKinnon to recover UAP's losses. As such, the attorneys' fees are not direct losses as contemplated by the MVRA and not subject to restitution. Accordingly, the Court declines to include the attorneys' fees in its restitution order. The Government's motion seeking to order McKinnon to make restitution of the attorneys' fees (Doc. 46) is hereby denied.

**SO ORDERED**, this the 14th day of January, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls